## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| RAYMOND SEKIGUCHI,<br><br>               Plaintiff,<br>  v.<br><br>JOSEPH LONG, JOSHUA LONG, and<br>ROBERT POLLAK,<br><br>          Defendants. | 3:13-cv-01223 (CSH) |

## ORDER

**HAIGHT, Senior District Judge:**

## I.    INTRODUCTION

Plaintiff Raymond Sekiguchi (hereinafter "Plaintiff") brings this action against Defendants Joseph Long, Joshua Long, and Robert Pollak (hereinafter collectively "Defendants") alleging "breach of fiduciary duty, negligence, negligent misrepresentations, unjust enrichment, and violations [of] the Connecticut Unfair Trade Practices Act." [Doc. 1] at 1.

Plaintiff has asserted that this Court has subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(2), as "this is an action between citizens of the States of New Jersey, California and Connecticut on the one hand and a resident of Japan on the other, and the amount in controversy exceeds $75,000, exclusive of interest and costs." *Id.* at 2; *see also*, e.g., 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... (2) citizens of a State and citizens or subjects of a foreign state," subject to specific

1

exceptions.). As set forth below, however, Plaintiff has failed to allege sufficient facts to establish that such diversity of citizenship exists. The Court therefore mandates confirmation of the citizenship of all parties to this action.

## II.    <u>SUBJECT MATTER JURISDICTION</u>

In general, if subject matter jurisdiction is lacking in an action before a court, the action must be dismissed. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). As the Second Circuit recently noted, "[w]here jurisdiction is lacking, ... dismissal is mandatory." *Lovejoy v. Watson*, 475 F. App'x 792, 792 (2d Cir. 2012) (internal quotations and citation omitted).

Consequently a federal court must determine with certainty whether it has subject matter jurisdiction over a case pending before it. If necessary, the court has an obligation to consider its subject matter jurisdiction *sua sponte. Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir.2006) ("Although neither party has suggested that we lack appellate jurisdiction, we have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*."), *cert. denied*, 549 U.S. 1282 (2007); *see also, e.g., Univ. of South Alabama v. American Tobacco* Co., 168 F.3d 405, 410 (11th Cir. 1999) ("a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking"); *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 107-08 (2d Cir. 1997) (holding that district court may raise issue of subject matter jurisdiction *sua sponte* at any time)). It is, in fact, "common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and, if it does not, dismissal is mandatory." *Manway Constr. Co. v. Housing Auth. of Hartford,* 711 F.2d 501, 503 (2d Cir. 1983).

2

In order for requisite diversity of citizenship to exist under 28 U.S.C. § 1332(a), a plaintiff's citizenship must be diverse from the citizenship of all defendants to an action. *See, e.g.*, *St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant.") (citing *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). Such complete diversity "must exist *at the time the action is commenced*," *Universal Licensing Corp. v. Lungo*, 293 F.3d 579, 581 (2d Cir. 2002) (emphasis added), which in the case at bar is August 23, 2013, the date on which Plaintiff's Complaint was filed.

Plaintiff's statements concerning the citizenship of all Defendants, as well as Plaintiff's statements concerning his own citizenship, fall short of demonstrating the Court's subject matter jurisdiction. Plaintiff alleges that "Defendant Joseph Long is an individual and *resident* of New Jersey," that "Defendant Joshua Long is an individual and *resident* of California," and that "Defendant Robert Pollak is an individual and *resident* of Connecticut." [Doc. 1] at 2-3 (emphasis added). Plaintiff also alleges that Plaintiff "is an individual who was at all relevant times residing in and around Greenwich, Connecticut," but who "has subsequently relocated to Tokyo, Japan, where he currently *resides*." *Id.* at 2 (emphasis added).

An individual's *citizenship* for diversity purposes, however, is determined by his or her *domicile*, not his or her *residence*. *See, e.g., Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). Courts have "long ... held that a statement of residence, unlike domicile, tells the court only where the parties are *living* and not of which state they are *citizens*." *John Birch Soc. v. Nat'l Broadcasting Co.*, 377 F.3d 194, 199 (2d Cir. 1967) (emphasis added). Thus it is "well-established that allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 102-

03 (2d Cir. 1997) (citing *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996)).

The differences between a domicile and a residence are straightforward.  "In general, the domicile of an individual is his true, fixed and permanent home and place of habitation," which is to say, "the place to which, whenever he is absent, he has the intention of returning."  *Martinez v. Bynum*, 461 U.S. 321, 331 (1983); *see also, e.g., Palazzo v. Corio*, 232 F.3d at 42.  In contrast, the United States Supreme Court has described "residency" as occurring "when a person takes up his abode in a given place, without any present intention to remove therefrom."  *Martinez v. Bynum*, 461 U.S. at 331.  A "residency," therefore, may be taken up for personal or business reasons and may be either permanent *or* solely for a period of time.  *Id.*  The test for an individual's residency is thus significantly less stringent than the "more rigorous domicile test."  *Id.*

Given that "one can *reside* in one place but be *domiciled* in another," for jurisdictional purposes, the term "'[d]omicile' is not necessarily synonymous with [the term] 'residence.'" *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (citations omitted). Accordingly, while Plaintiff has alleged each party's *residency*, Plaintiff has not established any party's *citizenship* at the time the action was commenced, i.e., August 23, 2013.  For the reasons explicated *supra*, a court may not and cannot simply infer the latter from the former.  *See, e.g., Realty Holding Co. v. Donaldson,* 268 U.S. 398, 399 (1925).  Accordingly, the citizenship of all parties to this action must be confirmed.

## III.   <u>CONCLUSION</u>

In order to determine whether it has subject matter jurisdiction in this action, the Court hereby ORDERS Plaintiff to establish, by affidavit, both Plaintiff's own citizenship and the

citizenship of all Defendants for diversity purposes as of the date this action was commenced by the filing of Plaintiff's Complaint, i.e., August 23, 2013.  Plaintiff shall file and serve such affidavit regarding citizenship on or before **Wednesday, October 16, 2013.**  All case deadlines shall be stayed pending the Court's review of this affidavit.  If, upon review, the Court determines that it possesses subject matter jurisdiction, the action may proceed.  Otherwise, in the absence of such jurisdiction, the Court shall dismiss the action without prejudice.

It is SO ORDERED.


Dated: New Haven, Connecticut
September 25, 2013

/s/ Charles S. Haight, Jr.
Charles S. Haight, Jr.
Senior United States District Judge